UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA DOUGLAS HENDERSON,

    Plaintiff,

v.                                          CASE NO. 8:25-cv-2238-SDM-TGW

JUDGE JULIE S. SNEED,

    Defendant.
_____/

**ORDER**

    Henderson files a paper captioned "Motion for Injunction or Restraining Order," in which he complains about Judge Sneed's rulings in his civil rights action in *Henderson v. Scr'y, Dep't of Corr.*, 6:24-cv-1681-JSS-RMN. Henderson's inmate account statement (Doc. 2) is construed as a motion for leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), the motion for injunctive relief, construed as a civil rights complaint, lacks merit.

Henderson filed a civil rights action against the Florida Department of Corrections ("DOC") and challenged the DOC policy regarding length of hair for inmates as a violation of his religious rights. The district court both dismissed the complaint without prejudice for failing to state a claim for relief and denied Henderson's motion to alter or amend a judgment. (Docs. 13 and 17 in 6:24-cv-1681)

In the present action Henderson complains that Judge Sneed both "unnecessarily delayed" ruling on his action — as a consequence, his religious rights were violated when DOC officials forcibly shaved his head — and "abused her discretion for denying" leave to appeal *in forma pauperis*. Further, Henderson "demand[s] an injunction against Judge Julie S. Sneed for abusing public office by not judging my case impartially as a matter of law." (Doc. 1 at 8) Henderson's remedy for reviewing Judge Sneed's rulings in the earlier action is an appeal from that action, which appeal Henderson filed and which pends in the Eleventh Circuit Court of Appeals under case number 25-10432. Henderson fails to state a claim that he can pursue in a separate action.

As shown above, Henderson fails to state a claim for relief. Amendment of the action would prove futile because Henderson can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by

amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted. The construed motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT**. The clerk must enter a judgment of dismissal against Henderson and **CLOSE** this case.

ORDERED in Tampa, Florida, on August 22, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE